# United States Court of Appeals for the Tenth Circuit

## OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Elisabeth A. Shumaker
Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 2 7 2006

GREGORY C. LANGHAM
CLERK

November 22, 2006

Mr. Gregory C. Langham
Clerk
United States District Court for the District of Colorado
Alfred A. Arraj United States Courthouse
Room A105
901 19th Street
Denver, CO 80294-3589

      Re:      05-1021, Phillips v. Beierwaltes
               Dist/Ag docket:  03-MC-103

Dear Clerk:

     Enclosed are a certified copy of the judgment and a copy of
the opinion filed in this case which are issued as the mandate of
this court.  See Fed. R. App. P. 41(a).  Please file it in records of
your court.

     Please contact this office if you have questions.

                            Sincerely,

                            Elisabeth A. Shumaker
                            Clerk, Court of Appeals

                            By:
                               Deputy Clerk

clk:klp

cc:    Jenna D. Allen
        Scott C. Sandberg
        Henry J. Ricardo
        Leo V. Gagion
        Richard L. Gabriel
        Sven C. Collins

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

IN RE APPLICATION OF
JONATHAN GUY ANTHONY
PHILLIPS; and ROBERT ANDREW
HARLAND FOR ASSISTANCE
BEFORE A FOREIGN TRIBUNAL,

        Petitioners - Appellees,

v.

WILLIAM T. BEIERWALTES; LYNDA
L. BEIERWALTES,

        Respondents - Appellants.

No. 05-1021

A true copy

Elisabeth A. Shumaker
U.S. Court of
Tenth Circuit

### JUDGMENT

Filed October 31, 2006

Before **KELLY, SEYMOUR,** and **HARTZ,** Circuit Judges.

This case originated in the District of Colorado and was argued by counsel.

It is the judgment of the court that the appeal is dismissed.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk

by:
Deputy Clerk

F I L E D
United States Court of Appeals
Tenth Circuit

**PUBLISH**                                    October 31, 2006

UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

Elisabeth A. Shumaker
Clerk of Court

---

IN RE APPLICATION OF
JONATHAN GUY ANTHONY
PHILLIPS and ROBERT ANDREW
HARLAND FOR ASSISTANCE
BEFORE A FOREIGN TRIBUNAL,

        Petitioners-Appellees,

v.                                             No. 05-1021

WILLIAM T. BEIERWALTES and
LYNDA L. BEIERWALTES,

        Respondents-Appellants.

---

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 03-MC-103)**

---

Richard L. Gabriel (Sven C. Collins with him on the briefs) of Holme Roberts &
Owen LLP, Denver, Colorado, for Respondents-Appellants.

Henry J. Ricardo of Dewey Ballantine LLP, New York, New York (Scott C.
Sandberg of Snell & Wilmer L.L.P., Denver, Colorado; and Leo V. Gagion of
Dewey Ballantine LLP, New York, New York, with him on the brief) for
Petitioners-Appellees.

---

Before **KELLY**, **SEYMOUR**, and, **HARTZ**, Circuit Judges.

---

**SEYMOUR**, Circuit Judge.

Colorado residents Lynda L. Beierwaltes and William T. Beierwaltes (hereinafter "the Beierwaltes") appeal a magistrate judge's order granting the motion to compel production of documents filed by Jonathan Guy Anthony Philips and Robert Andrew Harland (hereinafter "the administrators"). Because we conclude we lack jurisdiction, we dismiss the Beierwaltes' appeal.

I.

The administrators represent the estate of Christo Michailidis. Mr. Michailidis was the business partner for more than thirty years of London antiquities dealer, Robin Symes. Following Mr. Michailidis' death in 1999, the administrators filed an action against Mr. Symes and other defendants in the English High Court of Justice, Chancery Division, seeking an accounting of the assets and liabilities of the Michailidis/Symes partnership at the time of Mr. Michailidis' death. On April 4, 2003, the English court granted their request.

Mr. Symes' failure to comply with the court's order prompted the administrators to seek discovery from non-party clients of the Michailidis/Symes partnership, some of whom, like the Beierwaltes, reside outside the English court's jurisdiction. Hence, the administrators applied to the district court in Colorado pursuant to 28 U.S.C. § 1782(a)[1] for an order requiring the Beierwaltes

---

[1] Title 28 U.S.C. § 1782(a) provides:
    The district court of the district in which a person resides or is
    found may order him to give his testimony or statement or to
    produce a document or other thing for use in a proceeding in a
    foreign or international tribunal, including criminal investigations

(continued...)

to produce documents and provide testimony. The record reveals the

administrators' § 1782 application was randomly assigned to a magistrate judge

on October 3, 2003. Aplt. App., vol. I at 105. The Beierwaltes assert that no

district court judge was ever assigned to the matter, and the record bears out this

assertion.

On October 8, 2003, the magistrate judge granted the administrators'

application and authorized them to serve the Beierwaltes with subpoenas.

Interestingly, he signed the order above the designation, "UNITED STATES

DISTRICT JUDGE." Aplt. App., vol. I at 108. Upon being served, the

Beierwaltes contacted the administrators to negotiate the scope of discovery.

Those negotiations eventually resulted in an agreement and a stipulated protective

---

[1](...continued)
conducted before formal accusation. The order may be made
pursuant to a letter rogatory issued, or request made, by a foreign or
international tribunal or upon the application of any interested
person and may direct that the testimony or statement be given, or
the document or other thing be produced, before a person appointed
by the court. By virtue of his appointment, the person appointed has
power to administer any necessary oath and take the testimony or
statement. The order may prescribe the practice and procedure,
which may be in whole or part the practice and procedure of the
foreign country or the international tribunal, for taking the testimony
or statement or producing the document or other thing. To the extent
that the order does not prescribe otherwise, the testimony or
statement shall be taken, and the document or other thing produced,
in accordance with the Federal Rules of Civil Procedure.
    A person may not be compelled to give his testimony or
statement or to produce a document or other thing in violation of any
legally applicable privilege.

order signed by the magistrate judge governing the terms of discovery. The Beierwaltes subsequently produced documents, but the administrators were not satisfied with the extent of the Beierwaltes' compliance. The administrators therefore filed a motion to compel with the magistrate judge on December 9, 2004. The magistrate judge granted the administrators' motion the following day without waiting for a response from the Beierwaltes. That order also was signed over the designation, "UNITES STATES DISTRICT JUDGE." Aplt. App., vol. III at 451.

The Beierwaltes filed a motion to reconsider with the magistrate judge and, on January 10, 2005, filed a motion to stay the order to compel, in which they challenged the authority of the magistrate judge to act, as well as a notice of appeal to this court. On February 25, the magistrate judge denied the motion to reconsider, but granted the motion for a stay. This time the order was signed over the designation, "U.S. Magistrate Judge." *Id.* at 598. On March 1, the Beierwaltes filed an amended notice of appeal.

## II.

On appeal, the Beierwaltes' primary claim is that the magistrate judge lacked jurisdiction to issue the order to compel on behalf of the district court. In the alternative, they assert the magistrate judge abused his discretion by granting the administrators' motion without affording them an opportunity to respond and that the order to compel violates their rights to privacy and due process. In

-4-

response, the administrators primarily assert the Beierwaltes consented to the

magistrate judge's jurisdiction pursuant to 28 U.S. C. § 636(c), thereby waiving

any claim that he lacked jurisdiction. In the alternative, they contend their § 1782

application was a discovery matter properly referred to the magistrate judge.

They also maintain the magistrate judge acted within his authority when he

granted their motion to compel absent a response, and they deny the order violates

the Beierwaltes' rights to privacy and due process. Upon our request, the parties

filed supplemental briefs addressing whether we have jurisdiction over this

appeal. Both parties assert that we do have jurisdiction. We conclude that we do

not.

Title 28 U.S.C. § 1291 grants the courts of appeals jurisdiction "from all

final decisions of the district courts of the United States." 28 U.S.C. § 1291.

Section 1782(a) provides that a district court may order a resident of the district

"to give his testimony or statement or to produce a document or other thing for

use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a).

Such orders are considered final and appealable to this court. *See Kestrel Coal*

*PTY. Ltd. v. Joy Global Inc.*, 362 F.3d 401, 403 (7th Cir. 2004); *Bayer AG v.*

*Betachem, Inc.*, 173 F.3d 188, 189 n.1 (3rd Cir. 1999). In the present case,

however, we are not asked to review an order from a district court. Rather, we

are asked to review an order issued by a magistrate judge.

The administrators assert their application was properly referred to the

-5-

magistrate judge under § 636(c) of the Magistrate's Act, which "authorizes a

magistrate to enter final judgments appealable to the circuit court in 'any or all

proceedings in a jury or nonjury civil matter,' where . . . (1) the district court

designates the magistrate to do so and (2) the parties consent to such an exercise

of jurisdiction." *Colo. Bldg. & Constr. Trades Council v. B.B. Andersen Constr.

Co.*, 879 F.2d 809, 810 (10th Cir. 1989) (quoting 28 U.S.C. § 636(c)(1)).[2] We are

---

[2] Title 28 U.S.C. § 636(c) provides in relevant part:
Notwithstanding any provision of law to the contrary--
(1) Upon the consent of the parties, a full-time United States
magistrate judge . . . may conduct any or all proceedings in a jury or
nonjury civil matter and order the entry of judgment in the case,
when specially designated to exercise such jurisdiction by the district
court or courts he serves. . . .

(2) If a magistrate judge is designated to exercise civil jurisdiction
under paragraph (1) of this subsection, the clerk of court shall, at the
time the action is filed, notify the parties of the availability of a
magistrate judge to exercise such jurisdiction. The decision of the
parties shall be communicated to the clerk of court. Thereafter, either
the district court judge or the magistrate judge may again advise the
parties of the availability of the magistrate judge, but in so doing,
shall also advise the parties that they are free to withhold consent
without adverse substantive consequences. Rules of court for the
reference of civil matters to magistrate judges shall include
procedures to protect the voluntariness of the parties' consent.

(3) Upon entry of judgment in any case referred under paragraph (1)
of this subsection, an aggrieved party may appeal directly to the
appropriate United States court of appeals from the judgment of the
magistrate judge in the same manner as an appeal from any other
judgment of a district court. The consent of the parties allows a
magistrate judge designated to exercise civil jurisdiction under
paragraph (1) of this subsection to direct the entry of a judgment of
(continued...)

not persuaded.

Referral of a motion to a magistrate judge for the purpose of issuing a final

appealable order requires an original assignment of the matter to a district judge,

who in turn designates a magistrate judge. *See Colo. Bldg. & Constr. Trades

Council*, 879 F.2d at 810. *See also* § 636(c)(1); D.C. COLO. L. CIV. R. 72.2(D)

("When there is such consent, the magistrate judge shall forthwith notify the

assigned district judge who will then determine whether to enter an order of

reference pursuant to 28 U.S.C. § 636(c)."). Significantly, there is no indication

in the record that the administrators § 1782 application was referred to the

magistrate judge pursuant to § 636(c). Thus, there is no evidence the clerk of

court notified the parties of the availability of the magistrate judge to exercise the

district court's jurisdiction as required by § 636(c)(2) or that the parties expressly

consented to the magistrate judge so acting. *See* § 636(c)(2) ("[T]he clerk of

court shall, at the time the action is filed, notify the parties of the availability of a

magistrate judge to exercise such jurisdiction. The decision of the parties shall be

communicated to the clerk of court.").[3] Moreover, there is no evidence in the

---

[2](...continued)
the district court in accordance with the Federal Rules of Civil
Procedure. . . .

[3] Local rule 72.2(C) provides that "[u]pon the filing of any civil case, the
clerk shall deliver to the plaintiff(s) written notice of the right of the parties to
consent to disposition of the case by a magistrate judge pursuant to 28 U.S.C. §
636(c) and the provisions of this rule. The written notice shall be in such form as
(continued...)

-7-

record that either a "district court judge or the magistrate judge . . . advise[d] the

parties of the availability of the magistrate judge [to exercise jurisdiction], . . .

[or] advise[d] the parties that they are free to withhold consent without adverse

substantive consequences." *Id.* Thus, there is no evidence the Beierwaltes

consented to the authority of a magistrate judge to render a final order on the

administrators' § 1782 application. Both notice and express consent are required

by § 636(C)(2) .

Citing *Roell v. Withrow*, 538 U.S. 580 (2003), the administrators argue

there was implied notice and consent because the Beierwaltes did not challenge

the magistrate judge's jurisdiction for more than a year following the judge's

order authorizing the administrators to subpoena the Beierwaltes. In *Roell*, the

Supreme Court held that implied consent to the magistrate judge's authority to act

for the district court is warranted "where . . . the litigant or counsel was made

aware of the need for consent and the right to refuse it, and still voluntarily

appeared to try the case before the Magistrate Judge." *Id.* at 590. *See also id.* at

587 n.5 ("Certainly, notification of the right to refuse the magistrate judge is a

prerequisite to any inference of consent."). Because there was no notification to

the Beierwaltes or their counsel of the need to consent or the right to refuse

consent, *Roell* does not permit us to infer consent to the magistrate judge's

---

[3](...continued)
the district judges shall direct." D.C. COLO. L. CIV. R. 72.2(C).

authority to act for the district court.

In the alternative, the administrators argue their application can be characterized as a "discovery dispute" and, as such, may be referred to a magistrate judge without the Beierwaltes' consent. *See* 28 U.S.C. § 636(b)(1)(A) (permitting a district court judge to "designate a magistrate judge to hear and determine any pretrial matter pending before the court"). Specifically, the administrators claim their § 1782 application was properly referred by the clerk of court to the magistrate judge under a blanket referral order assigning to magistrate judges all "discovery disputes in cases pending in other federal courts." D.C. COLO. L. CIV. R. 72.1(B)(7). We disagree. The administrators' application does not stem from a case "pending in [an]other federal court[]." D.C. COLO. L. CIV. R. 72.1(B)(7). Rather, it is a subpoena request arising from a case pending in an English court. Accordingly, we question whether an application made pursuant to 28 U.S.C. § 1782 constitutes a "pretrial matter pending before the court" for the purposes of referring a matter to a magistrate judge under this local rule. 28 U.S.C. § 636(b)(1)(A).

We need not decide whether there was a proper reference to the magistrate judge under § 636(b) and the District of Colorado local rules because even if there was, the magistrate judge had no authority to enter a final order on the matter at issue here.

Federal magistrate judges are creatures of statute, and so is

their jurisdiction. Unlike district judges, they are not Article III judicial officers, and they have only the jurisdiction or authority granted to them by Congress, which is set out in 28 U.S.C. § 636. As applicable here where the parties did not consent to proceeding before the magistrate judge, *see* § 636(c)(1), the district court may designate a magistrate judge to consider various matters. *See* § 636(b). These matters are generally categorized as 'dispositive' or 'non-dispositive,' and a magistrate judge's authority with respect to each category is different: Magistrates may issue orders as to non-dispositive pretrial matters, and district courts review such orders under a clearly erroneous or contrary to law standard of review. 28 U.S.C. § 636(b)(1)(A). While magistrates may hear dispositive motions, they may only make proposed findings of fact and recommendations, and district courts must make *de novo* determinations as to those matters if a party objects to the magistrate's recommendations. *Id.* § 636(b)(1)(B), (C).

*First Union Mortgage Corp., v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000)

(internal citations, quotations, and brackets omitted).

Whether the magistrate judge's order to compel discovery was dispositive or non-dispositive in this unusual proceeding under 28 U.S.C. § 1782, it was not a final appealable order until the district court acted on it. In these circumstances, "[w]hen [the Beierwaltes] objected to the magistrate judge's order through [their] motion for reconsideration, the district court was obligated to [review] the basis for the order." *First Union Mortgage Corp.*, 229 F.3d at 996. Because the district court failed to do so, no final appealable order was entered in this case.

Accordingly, we lack jurisdiction to review the Beierwaltes' appeal, and we therefore **DISMISS** it.